FREE *v.* TAYLOR.

Opinion delivered September 26, 1927.

1. MORTGAGES—SATISFACTION OF RECORD BY ASSIGNOR.—Where the assignment of a note and mortgage has been noted by entry made on the margin of the record, the assignor cannot enter a notation satisfying the record as to the mortgage, without power of attorney, entered of record, from the assignee.

2. MORTGAGES—AUTHORITY OF ASSIGNOR TO SATISFY RECORD.—Where an assignment of a mortgage was not noted on the record, the assignee's verbal authority to the assignor to satisfy the record, *held* to estop the assignee from asserting his assigned mortgage as a lien to a subsequent recorded mortgage of a third party.

Appeal from Lincoln Chancery Court; *H. R. Lucas,* Chancellor; affirmed.

*Brockman & Reid,* for appellant.

*R. W. Wilson* and *A. J. Johnson,* for appellee.

McHANEY, J. On January 1, 1924, T. W. Dean and wife were indebted to the Lincoln County Bank in a sum which they were unable to pay, and, on that day, executed and delivered to the bank a renewal note for $7,500, which was secured by a first mortgage on certain real estate, and a second mortgage on lot 14 in the north one-half of section 2, township 9 south, range 16 west. The mortgage bears date of January 1, 1924, but was not acknowledged until the 21st day of May, 1924, and was filed and recorded on the 22d day of May, 1924. In December, 1924, the indebtedness not having been paid at maturity, the Lincoln County Bank brought suit against the Deans to foreclose their mortgage, and, as to said lot 14, prayed that it be sold subject to the first lien of the Missouri State Life Insurance Company. The bank thereafter learned that appellant, T. H. Free, was claiming some interest in said lot 14, and it made him a party defendant in said action. Appellant's interest in the matter relates only to said lot 14, and originated in the following manner: On September 27, 1919, T. W. Dean and wife executed a deed of trust on said lot 14 and other lands to secure a note to H. D. Palmer in the sum of $10,000. Dean thereafter paid $4,000 of the

debt owing to Palmer, leaving a balance due of $6,000, evidenced by three notes of $2,000 each, which, on March 20, 1920, he sold and indorsed to appellant, Free, a brother-in-law of Dean, together with the deed of trust securing said indebtedness, which had been recorded, but did not enter on the margin of the record of said deed of trust a notation of said assignment. This deed of trust constituted a first lien on five acres of land in lot 19 and a second lien on said lot 14, the Missouri State Life Insurance Company holding the first lien thereon. Dean paid the interest on this $6,000 loan to January 1, 1922, and also borrowed $2,500 additional from Free in 1921, of which a portion was repaid in September of that year, but, on January 1, 1922, he was indebted to Free in the total sum of $7,434.19, exclusive of interest. No other payments were made to Free by Dean thereafter, but, on January 17, 1922, Dean and his wife executed a warranty deed to Free to the five-acre tract in lot 19, which recited a consideration of $6,000. Valuable improvements were located on this five-acre tract, including a gin house, on which insurance was carried in the sum of $1,000, $1,700 on the gin machinery located therein, $1,000 on engine and $400 on a seed house. This conveyance was made, according to appellant, to enable him to secure insurance on the improvements, which had been canceled because of the mortgage, and that he held the title in his name as security for the loan, with the right on Dean's part to pay it off and secure a reconveyance. However, the insurance which appellant secured on this property thereafter was made to him as mortgagee.

On August 29, 1924, Palmer entered a notation on the margin of the deed of trust assigned by him to Free, satisfying same as to said lot 14, and, according to his testimony, he satisfied the record as to lot 14 at the direction of appellant, Free; that the first mortgage to the Missouri State Life Insurance Company had become due and was up for renewal by Dean, and that his second mortgage, transferred to appellant, stood in the way of a renewal of the first mortgage, and that he satisfied

the record as to that lot at the direction of Mr. Free, so that the new mortgage to the Missouri State Life Insurance Company would continue to be the first mortgage; that Mr. Dean had told him to see appellant and that appellant would direct him to satisfy the mortgage, as it had never been assigned on the record to appellant, and that Dean also told him of his conveyance to appellant of the five-acre tract and improvements on lot 19. Appellant denies having authorized Palmer to satisfy the record, but he admits that he told Mr. McPherson, the abstracter, to tell Palmer to satisfy the record as to lot 14, so that Dean could renew his first mortgage to the Missouri State Life Insurance Company. Under this state of facts the chancellor found that the satisfaction of the record as to lot 14 by Palmer was authorized, dismissed appellant's intervention or cross-complaint, which sought to cancel the satisfaction of the record as to lot 14 and to declare his lien superior to that of the bank, and entered a decree of foreclosure in favor of the Bank Commissioner, who had in the meantime taken over the affairs of the Lincoln County Bank. From the decree against him appellant has appealed to this court.

The only question presented for our decision, as we view it, is the authority of Palmer, who was the cashier of the Lincoln County Bank, to make the entry of satisfaction on the margin of the record as to lot 14, of the mortgage which he had transferred to appellant, but had not assigned to him on record. The record still showed Palmer as the mortgagee and the holder of the note from Dean to Palmer. If an entry had been made on the margin of the record of the transfer of the note and lien of the mortgage from Palmer to Free, then Palmer could not have satisfied the record, either in whole or in part, without a power of attorney entered of record so to do. But, since the record still showed Palmer to be the mortgagee and the owner of the note, he, with the authority of Free, could enter a proper satisfaction on the record. He says he satisfied the record at appellant's verbal direction. The law did not require

a power of attorney or other written instrument from appellant to Palmer to satisfy the record. His verbal direction to do so is sufficient. The chancellor found "that the release of the lien on lot 14, in section 2, township 9 south, range 6 west, by T. H. Free's authority and direction, was a complete satisfaction and restoration of the title of said lot in T. W. Dean, and said T. H. Free is estopped from asserting a lien prior to the lien contract by the Lincoln County Bank on said lot."

The chancellor therefore found that the satisfaction entered by Palmer was made with the authority and by the direction of appellant, and, while appellant denies that he authorized Palmer in person, he admits that he told McPherson to tell Palmer to satisfy the record. The finding of the chancellor is supported by a clear preponderance of the evidence, and the decree is accordingly affirmed.